**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0597, <u>State of New Hampshire v. Hasaam-Udeen Muhammad</u>, the court on May 26, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Hasaam-Udeen Muhammad, appeals an order of the Superior Court (<u>Kissinger</u>, J.) denying his motion to suppress evidence seized in connection with a motor vehicle stop. He contends that the trial court: (1) erred by finding that the police officer who stopped him smelled marijuana and a masking agent when the officer initially spoke with him; and (2) violated his State and Federal Constitutional rights by not finding that "[t]he police illegally seized [him] when they reengaged him by asking him questions almost immediately after telling him he was free to go." We first address the defendant's argument under the State Constitution and rely on federal law only to aid in our analysis. <u>State v. Ball</u>, 124 N.H. 226, 231-33 (1983).

When reviewing a trial court's order on a motion to suppress, we accept the court's factual findings unless they lack support in the record or are clearly erroneous, and we review its legal conclusions <u>de novo</u>. <u>State v. Blesdell-Moore</u>, 166 N.H. 183, 187 (2014).

We first address whether the trial court erred in finding that the officer smelled marijuana and a masking agent when the officer first spoke with the defendant. The defendant contends that the officer's testimony was "not believable" because: (1) the officer was aware of two anonymous tips that the defendant was involved in the sale of unspecified drugs; (2) the defendant testified that the officer made a U-turn to place his cruiser several vehicles behind the defendant at the traffic light; (3) a second officer arrived at the scene; and (4) the officer did not question the defendant regarding the odor until after giving him a written traffic-violation warning and telling him that he was free to leave.

When reviewing a trial court's decision on a motion to suppress, we defer to the trial court's credibility determinations unless no reasonable person could have come to the same conclusion after weighing the testimony. <u>State v. Livingston</u>, 153 N.H. 399, 402 (2006). In this case, the trial court credited the officer's testimony, which was supported by the defendant's admission that he had a marijuana cigarette and by the discovery of a masking agent inside the

vehicle. We cannot conclude that no reasonable person could have come to the same conclusion as the trial court. See id.

We next address whether the trial court erred by not granting the defendant's motion to suppress. A traffic stop is a "seizure," even though the purpose of the stop is limited and the resulting detention quite brief. State v. McKinnon-Andrews, 151 N.H. 19, 22 (2004). Such a stop is lawful when the police have an articulable suspicion that the person detained has committed or is about to commit a crime. Id. The scope of such an investigative stop must be carefully tailored to its underlying justification, must be temporary, and must last no longer than is necessary to effectuate its purpose. Blesdell-Moore, 166 N.H. at 187.

The scope of a stop may be expanded to investigate other suspected illegal activity only if the officer has a reasonable and articulable suspicion that other criminal activity is afoot. Id. Whether the detention goes beyond the limits of a lawful investigatory stop depends upon the facts and circumstances of the particular case. Id. The State bears the burden of establishing that the scope of an otherwise valid stop was not exceeded. State v. Morrill, 169 N.H. ___, ___ (decided Mar. 10, 2017).

In this case, the defendant argues that he "was seized twice": once when the officer stopped him for the traffic violation and, again, when the officer asked him a question after telling him that he was free to leave and "taking one step back towards his cruiser." The defendant acknowledges that, based upon the odor the officer perceived, the officer had a reasonable suspicion to justify questioning him about it.

The defendant, relying exclusively upon Commonwealth v. Nguyen, 116 A.3d 657, 669 (Pa. Super. Ct. 2015), contends that "[a] second seizure must be justified by reasonable suspicion that was developed after the end of the first seizure." However, following that case, the Pennsylvania Superior Court explicitly repudiated such a requirement. It noted that this "position has not been accepted in the federal system." In Interest of A.A., 149 A.3d 354, 360 (Pa. Super. Ct. 2016) (quoting Com. v. Kemp, 961 A.2d 1247, 1260 (Pa. Super. Ct. 2008)). Instead, it held that

> in situations where an officer ends a lawful traffic stop, but then re-initiates an investigative detention of an occupant of that vehicle, we apply the "totality of the circumstances" test to assess whether the officer possessed reasonable suspicion. Under that test, the officer's reasonable suspicion to conduct the subsequent detention may be premised on facts gathered during the valid traffic stop, although the officer cannot solely rely upon the initial traffic violation to prolong the detention; they need other information supporting reasonable suspicion.

2

Id. at 361 (citations and quotation omitted).

The Pennsylvania Superior Court reasoned:

It is simply analytically inconsistent for a defendant to argue that "free-to-go" language does not step down the police interdiction from a seizure to a mere encounter, but that if an officer does utter those words, all facts ascertained lawfully by the police officer during the traffic stop are erased for purposes of analyzing whether the continued detention was permissible. If the seizure achieved through the traffic stop never ended, and if thereby the defendant remained subject to a continuing detention when the traffic infraction was processed, then there is no reason why the facts observed by the officer during the constitutionally-proper traffic stop cannot be used to justify the continuation of the detention. If it is a continuing detention for the defendant, despite the free-to-go language, then by the same logic, it is a continuing detention for purposes of the police investigation.

Id. at 360 (quoting Kemp, 961 A.2d at 1258 (citations omitted)).

The defendant argues that, if police may seize a suspect "again any time they had a reasonable suspicion they did not explore during an initial stop," they might seize the suspect repeatedly. However, a temporary detention, or a so-called "Terry stop," is lawful if the police have an articulable suspicion that the person detained has committed or is about to commit a crime. McKinnon-Andrews, 151 N.H. at 22; see Terry v. Ohio, 392 U.S. 1, 21 (1968). We note that the defendant here does not allege that the officer was harassing him.

Accordingly, we need not address whether the defendant was seized once or twice because the officer had a reasonable and articulable suspicion that other criminal activity was afoot, which was sufficient to justify a second seizure, if one, in fact, occurred. See McKinnon-Andrews, 151 N.H. at 22.

The Federal Constitution offers the defendant no greater protection than does the State Constitution under these circumstances. See id. at 27. Accordingly, we reach the same result under the Federal Constitution as we do under the State Constitution.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

3